YUCLAN ENTERPRISES, INC., a Hawaii Corporation, and Yuclan International, Inc., a Hawaii Corporation, Plaintiffs,

v.

Geminiano ARRE, Individually and in his capacity as Director of Finance, City & County of Honolulu; Frank F. Fasi, Individually and in his capacity as Mayor, City & County of Honolulu; and the City & County of Honolulu, Defendants.

Civ. No. 79–0421.

United States District Court,
D. Hawaii.

April 22, 1980.

Evan R. Shirley, Wesley H. Ikeda, Honolulu, Hawaii, for plaintiffs.

Edmund L. Lee, Jr., Deputy Corp. Counsel, Richard K. Sharpless, Corp. Counsel, Honolulu, Hawaii, for defendants.

## DECISION ON MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS

SAMUEL P. KING, Chief Judge.

Plaintiffs Yuclan Enterprises, Inc., and Yuclan International, Inc., move for summary judgment declaring that Ordinance No. 79–26 of the City and County of Honolulu is unconstitutional on its face. Defendants are the Director of Finance of the City and County of Honolulu (who is charged with the duty of enforcing Ordinance No. 79–26), the Mayor of the City and County of Honolulu (who appoints a hearings panel from among the officers of the executive branch to hold hearings under the ordinance), and the City and County of Honolulu.

Ordinance No. 79–26, adopted May 9, 1979, provides for "Regulating Public Shows as Defined in HRS Section 445–161" through a licensing procedure. Licenses

may be suspended or revoked on the grounds that:

(1) The licensee has presented or permitted the presentation of an obscene, indecent or immoral public show on the licensed premises based on the standards prescribed hereinbefore.

(2) During the term of the existing license, the licensee or his employee(s) has [sic] been convicted of promoting pornography on the licensed premises in violation of HRS Sections 712–1214 to 712–1215; or

(3) The licensee has violated any of the provisions of this Article, HRS Sections 445–161 to 445–165, or any rules and regulations promulgated by the Director of Finance as authorized herein.

A revocation lasts for at least one year, as "[n]o owner whose license is revoked shall be eligible to apply for a new license until the expiration of a twelve—(12) month period commencing from the effective date of revocation."

The definition of "obscene, indecent or immoral" follows the tests set forth in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The ordinance provides:

To determine whether or not a public show is obscene, indecent or immoral, the following standard which was established by the United States Supreme Court in *Miller v. California*, shall be applied:

"(1) Whether the average person, applying contemporary community standards, would find that the work taken as a whole, appeals to the prurient interest;

(2) Whether the work depicts or describes in a patently offensive way, sexual conduct such as:

(i) Representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated; or

(ii) Representations or descriptions of masturbation, excretory functions, and lewd exhibitions of the genitals; and

(3) Whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value."

Where there is a proposal to refuse to issue a license, or to suspend or revoke a license, a hearing must be given before a hearings panel consisting of three officers of the executive branch of the City and County of Honolulu appointed by the Mayor. The hearings panel is to proceed in accordance with the requirements of HRS Chapter 91, with judicial review as provided in HRS Section 91–14.

■ *Vance v. Universal Amusement Co.*, —— U.S. ——, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980) controls here. The Supreme Court ruled that two Texas statutes that "authorize state judges, on the basis of a showing that obscene films have been exhibited in the past, to prohibit the future exhibition of motion pictures that have not yet been found to be obscene" are procedurally deficient and authorize prior restraints that are more onerous than is permissible under prior decisions of the Supreme Court. It is therefore clear that Ordinance No. 79–26 is unconstitutional on its face.

■ There being no pending State proceedings, civil or criminal, against plaintiffs, the restrictions of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), do not apply.

On the other hand, there is an existing case or controversy. The history of the ordinance supports plaintiffs' contention that the ordinance was enacted in large part in response to complaints about the movies exhibited by Plaintiffs at the Kaimuki Theater. The deposition of the Director of Finance confirms Plaintiffs' contention that the director intends to enforce the ordinance.

Thus Plaintiffs are entitled to a partial summary judgment declaring unconstitutional the provisions of Ordinance No. 79–26 that permit the refusal, suspension or revocation of a license to conduct any public shows in the future on the grounds that the applicant or licensee has conducted an "obscene, indecent or immoral" public show or has been convicted of a violation of HRS Sections 712–1214 to 712–1215 in the past.

Plaintiffs also attack the entire ordinance on other grounds. They argue that the City and County of Honolulu was not authorized to enact this ordinance. This is strictly a matter of State law which should be determined in the first instance by the State courts. However, since the statute is unconstitutional on its face, and since the Court views the ultimate chances of Plaintiffs' success on this issue as very slight, the Court chooses not to abstain. Even were the Court to abstain, it would still enjoin the statute *pendente lite*.

Plaintiffs finally argue that the phrase "obscene, indecent or immoral" in HRS Section 445–165 sets forth an unconstitutional standard which cannot be saved by the attempt in the ordinance to define this standard in *Miller v. California* terms. I find this argument unconvincing as a matter of federal constitutional law.

The Director of Finance indicated at the hearing on this matter that there may be some changes in the ordinance or in the regulations and procedures under the ordinance. Hence it is not clear what relief should be granted to Plaintiffs at this time. Counsel for Plaintiffs shall submit through counsel for Defendants a proposed order consistent with the foregoing. Any disputes will be resolved at a settlement hearing.

Defendants move to dismiss as to the Director of Finance and the Mayor on the grounds of official immunity. Since plaintiffs do not seek damages, the motion to dismiss is without merit and is denied.